# UNITED STATES COURT OF APPEALS
# FOR THE
# SECOND CIRCUIT

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand twenty-three,

Jordin Alexander Melgar-Salmeron,

        Petitioner,

v.

Merrick B. Garland, United States Attorney General,

        Respondent.

**ORDER**
Docket No. 23-7792

On October 16, 2012, this Court issued an opinion entitled <u>In the Matter of Immigration Petitions for Review Pending in the United States Court of Appeals for the Second Circuit</u>. The opinion sets out a procedure for all immigration cases pending in the Court to enable an interested petitioner and the Government to determine whether remand to the Board of Immigration Appeals (the "BIA") is appropriate. Consistent with that opinion,

IT IS HEREBY ORDERED that the proceedings within this case, specifically Petitioner's time to file a scheduling notification, are tolled for a period of 90 days so that Petitioner and the Government may determine whether remand of this case to the BIA is warranted.

At any time during the tolling period, Petitioner may move under FRAP 42(b) to dismiss the petition and remand to the BIA under the terms set forth in the opinion.

Or at any time during the tolling period, either party may end the tolling period by filing with the Clerk of Court a letter to that effect with service upon the adversary. Three business days after the Clerk of Court's receipt of a letter ending the tolling period, the time will begin to run for the next scheduled filing or event in the case.

If, by the close of business on the last day of the 90-day tolling period (or the next business day if the tolling period ends on a weekend or holiday), neither party has sought to resume the appellate process, the time for the next scheduled filing or event in the case will immediately resume running.

      A motion for an extension of time will be disfavored and subject to the extraordinary circumstance standard. See Local Rule 27.1(f)(1).

For The Court:
Catherine O'Hagan Wolfe,
Clerk of Court