BIA
Counihan, IJ
A205 009 115

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

---

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of May, two thousand twenty-five.

Present:
    Richard J. Sullivan,
    Alison J. Nathan,
    Maria Araújo Kahn,
        *Circuit Judges*.

---

Jordin Alexander Melgar-Salmeron,

    *Petitioner*,

v.                                                  23-7792
                                                                     NAC

Pamela Bondi, United States Attorney General,

    *Respondent*.

---

On November 16, 2023, Petitioner filed a petition for review of a decision of the Board of Immigration Appeals dismissing his appeal of an immigration judge's denial of his application for withholding of removal under the Immigration and Nationality Act and protection under the Convention Against Torture. Doc. No. 1. On December 14, 2023, Petitioner moved for a stay of removal pending the resolution of his petition for review. Doc. No. 16. The Government filed an opposition to that motion on December 22, 2023. Doc. No. 18. That same day, the Government also moved to stay the "appellate proceedings in this case pending this Court's decisions in *Castejon-Paz v. Garland*, No. 22-6024 [], and *Cerrato-Barahona v. Garland*, No. 22-6349 []." Doc. No. 19. On January 2, 2024, the Court granted the Government's motion to stay the appellate proceedings and held the petition for review in abeyance pending the outcomes of those decisions. Doc. No. 20. Both *Castejon-Paz* and *Cerrato-Barahona* have since been held in abeyance for the Supreme Court's decision in *Riley v. Garland*, No. 23-1270 (argued Mar. 24, 2025). *See Castejon-Paz* (2d Cir. No. 22-6024, Doc. No. 111); *Cerrato-Barahona* (2d Cir. No. 22-6349, Doc. No. 113).

Although no decision has yet been issued in either *Castejon-Paz* or *Cerrato-Barahona*, the Government submitted a motion to expedite decision on Petitioner's motion for a stay of removal. Doc. No. 23. In that motion, the Government informed the Court that the Department of Homeland Security ("DHS") had "obtained travel documents to remove Petitioner to El Salvador and that the agency desires to effect removal, at the latest, by May 9, 2025." *Id.* at 4. The Government also acknowledged that there is a "well-established forbearance policy," which "generally means that the government will not remove a noncitizen pending the resolution of his petition for review and stay motion." *Id.* at 4–5 (alterations accepted and internal quotation marks omitted). After noting that the forbearance policy was "voluntary" and "subject to exception (and change)," the Government assured the Court that it would "continue to apply [the forbearance] policy for a reasonable period of time to allow the Court to adjudicate Petitioner's stay motion." *Id.* at 5 (internal quotation marks omitted). The Government also noted that, if the Court did not render a decision on the stay motion "by May 8, 2025," it "intend[ed] to inform DHS that the forbearance policy [wa]s no longer applicable in this case, and that DHS may remove Petitioner at any time, provided the Court ha[d] not issued an order granting a stay." *Id.* The Government then "request[ed] that the Court expedite adjudication of Petitioner's stay request, and that it issue a decision before May 8, 2025." *Id.* at 6.

In keeping with the timeline requested by the Government, on May 7, 2025 at 9:52 a.m. EST, the Court issued an order granting Petitioner's motion for a temporary stay of removal pending a decision on his petition for review. Doc. No. 30. The following day, the Government then filed a letter informing the Court that, notwithstanding the Government's prior representation that it would continue to apply the forbearance policy until May 8, 2025, Petitioner "was removed to El Salvador" "[a]t some point in the morning of May 7, 2025." Doc. No. 32.

Upon due consideration, it is hereby ORDERED that Respondent shall file a letter with the Court by May 19, 2025 informing the Court of the following: (1) the exact time Petitioner was removed; (2) whether the removing officials were aware of the Court's stay order prior to Petitioner's removal; (3) whether, prior to Petitioner's removal, the removing officials were aware of the Government's assurance that it would forbear removal until May 8, 2025; and (4) what steps, if any, counsel who made the assurance to the Court regarding forbearance until May 8, 2025 took to ensure that Petitioner would not be removed prior to May 8, 2025.

    FOR THE COURT:
    Catherine O'Hagan Wolfe
    Clerk of Court