BIA
Counihan, IJ
A205 009 115

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand twenty-five.

Present:
> Richard J. Sullivan,
> Alison J. Nathan,
> Maria Araújo Kahn,
> > *Circuit Judges*.

Jordin Alexander Melgar-Salmeron,

> *Petitioner*,

v.

23-7792
NAC

Pamela Bondi, United States Attorney General,

> *Respondent*.

The Court is in receipt of the Government's letter, dated May 28, 2025, Doc. No. 38; Petitioner's letter, dated June 2, 2025, Doc. No. 39; the Government's reply, dated June 10, 2025, Doc. No. 40; and Petitioner's reply, dated June 13, 2025, Doc. No. 46.

As the Government first acknowledged on May 8, 2025, Petitioner was removed to El Salvador on the morning of May 7, 2025 despite the Government's prior assurance to this Court that it "would forebear removal until May 8, 2025." Doc. No. 32. Petitioner was escorted onto a flight that departed for El Salvador at 10:20 a.m. EDT—approximately thirty minutes after this Court granted Petitioner a stay of removal. *See* Doc. No. 38 at 6, 9. The Government represents that Petitioner was removed that day due to "a confluence of administrative errors." *Id.* at 1; *see also* Doc No. 40 at 4 ("[A] perfect storm of errors occurred to allow for Petitioner's untimely, and inadvertent, removal, despite the Government's assurances and the eventual stay order."). Counsel for Petitioner seek an order facilitating Petitioner's return to the United States in order to return the matter to the status quo. Doc. No. 39 at 10-11. The Government responds that it will agree to parole Petitioner into the United States should he present himself at a U.S. point of entry.

Doc. No. 40 at 1. Given the uncertainty as to Petitioner's current whereabouts and status, the Court lacks information necessary to determine whether the Government's proposed remedy is adequate under the circumstances. This information has not been provided to the Court either by the Government or by counsel for Petitioner.

Accordingly, upon due consideration, the Government is hereby ORDERED to facilitate the return of Petitioner to the United States as soon as possible to "ensure that his case is handled as it would have been had he not been improperly sent to El Salvador," *Noem v. Abrego Garcia*, 145 S. Ct. 1017, 1018 (2025). As the Government recognizes in its filings, the removal was improper because it contradicted the Government's assurance to the Court that it would forbear from removing Petitioner, which this Court relied upon in resolving the stay motion. It was also improper because it violated this Court's order staying Petitioner's removal from the United States during the pendency of this matter before this Court. The Court further DIRECTS the Government to file, within one week of this Order, a supplemental declaration from an individual with personal knowledge, addressing the following: (1) the current physical location and custodial status of Petitioner; and (2) what steps the Government will take, and when, to facilitate his return to the United States. Petitioner may file any response within three days of the Government's filing.

Petitioner additionally requests that this Court appoint a special master pursuant to Federal Rule of Appellate Procedure 48(a). Doc. No. 46 at 7; *see* Fed. R. App. P. 48(a). That request is DENIED. In light of the detailed affirmations and information provided to this Court, we conclude that counsel for the Government who made the forbearance assurance to this Court took reasonable and diligent steps to ensure removal would not occur in violation of that assurance or the eventual stay of removal. Given the steps taken by Government counsel, we conclude that further proceedings pursuant to Fed. R. App. P. 48(a) are not warranted at this time.

> FOR THE COURT:
> Catherine O'Hagan Wolfe
> Clerk of Court