```
                                                                    BIA
                                                              Counihan, IJ
                                                              A205 009 115
```

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

_____

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of September, two thousand twenty-five.

Present:
> Richard J. Sullivan,
> Alison J. Nathan,
> Maria Araújo Kahn,
> > *Circuit Judges*.

_____

Jordin Alexander Melgar-Salmeron,

> *Petitioner*,

v.                                                              23-7792
                                                                NAC

Pamela Bondi, United States Attorney General,

> *Respondent*.

_____

On July 25, 2025, the Court ordered the Government to file a declaration "providing the basis for the Government's assertion that Petitioner has been charged with illicit association and homicide, that he is housed at the maximum security prison in Tecoluca, and that he is awaiting trial." Doc. No. 59. This Court also ordered the Government to "provide any documentation corroborating this assertion" to the extent available. *Id.*

On August 1, 2025, the Court received submissions from both parties. The Government's letter included a signed declaration stating that Petitioner "is currently in custody … in Tecoluca, El Salvador, awaiting trial" and "has been charged with illicit association under the exception regimen and homicide" but did not include corroborating documentation. Doc. No. 63 at 4. The Government's letter also indicated that the Government has "no objection" to the Court lifting the stay in this case now that the two pending cases have been decided. *Id.* at 2. Petitioner's August 1, 2025 letter represents that Petitioner's counsel has not "had any communication with [Petitioner] since his illegal removal" and as such, requests that "the matter not be put back on the calendar at this time, until the government returns [Petitioner] to the U.S. or otherwise takes measures to put him in contact with [his counsel]." Doc. No. 65.

The Court then ordered on August 5, 2025, that Petitioner's counsel file a letter "informing the Court of the steps counsel has taken to communicate with Petitioner since the Government confirmed Petitioner's whereabouts" and further ordered the Government to file a letter "explaining what measures it has taken to facilitate communication between [Petitioner] and his counsel." Doc. No. 69. Petitioner's letter, dated August 11, 2025, represented that "[Petitioner] has had no contact with … counsel, since the day he arrived in El Salvador" because "such communication is not possible." Doc. No. 71. Petitioner's letter also re-raised a previous request to "meet and confer with the government to discuss steps on how to facilitate Petitioner's return," including "helping arrange communication with [Petitioner]." *Id.*; *see also* Doc. No. 53 at 3 n.5.

The Government's responsive letter, dated August 18, 2025, included a signed declaration stating that U.S. Immigration and Customs Enforcement on August 11, 2025, had "prepared a Diplomatic Note to the Ministry of Foreign Affairs of the Republic of El Salvador, requesting assistance in facilitating communication between Petitioner and his counsels." Doc. No. 72. The declaration further stated that the Government had "received confirmation that the Diplomatic Note was delivered to the Ministry of Foreign Affairs" on August 14, 2025, but that the Ministry of Foreign Affairs had not yet responded. *Id.*

To facilitate further proceedings in this case, it is hereby ORDERED that the parties meet and confer no later than September 15, 2025 to discuss further steps that can be taken to facilitate communications between Petitioner and his counsel. It is hereby further ORDERED that the Government file a declaration made by an individual with personal knowledge no later than September 22, 2025 indicating what additional steps have been taken to facilitate communications between Petitioner and his counsel, including confirmation that the parties met and conferred as set forth above.

In addition, it is hereby ORDERED that the Government seek documentation corroborating that Petitioner is currently (1) "in custody at the maximum-security prison in Tecoluca, El Salvador," (2) that he is "awaiting trial," and (3) that he is "charged with illicit association under the exception regimen and homicide." Doc. No. 63. The Government shall file a declaration indicating what steps have been taken to seek this documentation and what documents have been received, if any, no later than September 22, 2025.

> FOR THE COURT:
> Catherine O'Hagan Wolfe
> Clerk of Court